# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 31, 2017
No. 16-118V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
NANCY STITES,                       *
                                    *    UNPUBLISHED OPINION
                Petitioner,         *
v.                                  *    Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *    Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *    Special Master's Discretion
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA for petitioner.
Amy P. Kokot, U.S. Department of Justice, Washington, DC for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 27, 2016, Nancy Stites ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of an influenza ("flu") vaccine administered on or about September 30, 2013, she developed a shoulder injury with residual effects lasting for more than six months. Stipulation at ¶¶ 2, 4. On March 30, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 33.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On May 12, 2017, petitioner filed a Motion for Attorneys' Fees and Costs ("Petitioner's Motion"). ECF No. 38. Petitioner requests attorneys' fees in the amount of $13,081.50 and costs in the amount of $1,144.51, for a total of $14,226.01. Id. Petitioner's counsel represents that petitioner incurred no costs related to the prosecution of this claim and that petitioner paid no retainer to her counsel. Id. at ¶4.

On May 30, 2017, respondent filed a response to petitioner's motion. ECF No. 39. Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa—15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. Id. In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement and is therefore entitled to an award of reasonable attorneys' fees and costs. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

   a. **Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. With regard to determining reasonable hourly rates, the undersigned recently conducted a thorough analysis to determine appropriate hourly rates for work performed in the Program during 2015. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). McCulloch has been endorsed by all current special masters. The Office of Special Masters has issued a fee schedule which updates the McCulloch rates, to account for inflation in subsequent years, which may be found on the court's website.[3]

---

[3] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 & 2017, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last accessed May 30, 2017).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d 1517 at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i.     Reasonable Hourly Rate

Petitioner requests an hourly rate of $255.00 for work performed by Mr. Brazil during 2015; $275.00 for work during 2016; and $300.00 for work during 2017. Petitioner's Motion, Exhibit A. Petitioner requests a rate of $125.00 for work performed by paralegals throughout the entirety of the case. Id. These requested rates are within the ranges for an attorney of Mr. Brazil's experience as set forth in McCulloch and the Office of Special Masters' fee schedules for those years. Accordingly, the undersigned finds that petitioner's requested rates are reasonable.

### ii.     Hours Expended

Petitioner requests compensation for 40.2 hours entered by Mr. Brazil and 19.2 hours entered collectively by paralegals. Petitioner's Motion at 1. Petitioner submitted a billing log which provides the date, increment of time, billing rate, and nature of each task performed. Petitioner's Motion, Exhibit A. Based on the lack of objection from respondent and a thorough review of Petitioner's Motion, the undersigned finds that the hours expended are reasonable and the total of $13,081.50 in attorneys' fees should be awarded in full.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,144.51 in costs. Petitioner's Motion at 2. The requested costs consist of the filing fee and the costs for obtaining medical records. Id. at 14-15. Based on a review of the submitted expenses, the undersigned finds that the requested costs are reasonable and should be awarded in full.

## II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. Petitioner's counsel submitted receipts for his costs, which the undersigned has also reviewed and finds reasonable. Petitioner's Motion at 16-23.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $14,226.01[4] as follows:**

1) **A lump sum in the amount of $14,226.01 representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Ms. Nancy Stites, and her counsel, Paul Brazil of Muller Brazil LLP.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.